Filed 4/25/25  P. v. Carranco CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101296 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F09096) |
| v. | |
| JUAN CARLOS CARRANCO, JR., | |
| Defendant and Appellant. | |

In two separate trials in 2011 a jury found defendant Juan Carlos Carranco, Jr., guilty of second degree murder, attempted murder, shooting an occupied vehicle, shooting at an inhabited house, and evading a peace officer.  The trial court sentenced defendant to 70 years to life in prison plus 13 years.  In 2022, defendant filed a petition under Penal Code[1] section 1172.6.[2]  On appeal, defendant argues the trial court erred in

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Defendant's petition was filed under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  In this opinion, we cite to the current section 1172.6.

1

denying his petition on the attempted murder charge because he presented a prima facie case for relief and the trial court engaged in improper factfinding in denying his petition. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

As relevant here, defendant was charged with murder, attempted murder, shooting at an occupied vehicle, shooting at an inhabited house, and evading a peace officer with willful disregard for public safety. As to the murder charge, the information alleged defendant personally used and discharged a firearm causing great bodily injury or death to Carlos Cervantes. As to the attempted murder charge, the information further alleged defendant and codefendant Christopher Leong were principals in the offense and at least one principal intentionally discharged a firearm during the commission of the offense. As to the murder, attempted murder, shooting at an occupied vehicle, and shooting at an inhabited dwelling charges, the information alleged the offenses were committed for the benefit of a criminal street gang. The trial court severed the murder charge for purposes of trial.

We summarize the details relevant to the attempted murder charge from our prior opinion. (*People v. Carranco* (Oct. 14, 2014, C069105) [nonpub. opn.] (*Carranco*).)[3] On December 9, 2009, the victim was walking to his car around midnight when he saw a white car containing several men drive by slowly. The man in the front passenger seat was hanging out of the window looking around. After the victim got into his car to leave, the white car turned around and the man seated in the front passenger seat began shooting. The victim sped away from the scene into a parking lot, jumped out of his car, and ran back to his friend's apartment. Bullets struck the victim's car.

---

[3] We cite our prior appellate opinion only to summarize the background of this case. We do not rely on the facts set forth in the opinion to resolve the issues raised in this appeal. (§ 1172.6, subd. (d)(3).)

After a dangerous and high-speed pursuit, law enforcement officers apprehended the men in the car. Defendant was sitting in the driver's seat. Codefendant Christopher Leong was seated in the front passenger seat. There were four other men in the car. Evidence was submitted at trial that all the men in the car were gang members. (*Carranco*, *supra*, C069105.)

We omit the facts concerning defendant's murder conviction as the underlying facts for that conviction took place at a distinct time and place and it was tried to a separate jury. (*Carranco*, *supra*, C069105.) Defendant does not contest the denial of his petition for resentencing as it relates to the murder conviction.[4]

On the subject of attempted murder, the trial court instructed the jury with CALCRIM No. 600 as follows: "The defendants are charged in [c]ount 1 with attempted murder. [¶] To prove that the defendant is guilty of attempted murder, the [prosecution] must prove that: [¶] 1. The defendant took a direct but ineffective step toward killing another person; [¶] AND [¶] 2. The defendant intended to kill that person."

The trial court also instructed the jury on the concepts of aiding and abetting utilizing CALCRIM Nos. 400 and 401. Under CALCRIM No. 400, the trial court instructed the jury as follows: "A person may be guilty of a crime in two ways. One, he may have directly committed the crime. I will call that person the perpetrator. Two, he may have aided and abetted a perpetrator, who directly committed the crime. [¶] A person is guilty of a crime whether he committed it personally or aided and abetted the perpetrator."

The trial court also provided CALCRIM No. 401 to the jury, which defines aiding and abetting in relevant part as follows: "To prove that the defendant is guilty of a crime based on aiding and abetting that crime, the [prosecution] must prove that: [¶] 1. The

---

**4** On the murder count, a separate jury found defendant guilty of the lesser included offense of second degree murder and found the firearm and gang enhancements true.

3

perpetrator committed the crime; [¶] 2. The defendant knew that the perpetrator intended to commit the crime; [¶] 3. Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; [¶] AND [¶] 4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime. [¶] Someone aids and abets a crime if he knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime."

In the trial for the attempted murder, the trial court did not instruct the jury on felony murder or attempted felony murder. Further, the trial court did not instruct the jury on the natural and probable consequences doctrine.

The jury found defendant guilty of attempted murder, shooting at an occupied vehicle, shooting at an inhabited house, and evading a peace officer with willful disregard for public safety and found the enhancements true.

In 2022, defendant filed a petition for resentencing under section 1172.6. The trial court appointed counsel for defendant, received briefs from both parties, and held a hearing. In opposing the petition, the prosecution submitted our prior opinion, the jury instructions given, and the jury verdicts.

The trial court found defendant was ineligible for relief under section 1172.6. As to the attempted murder count, the trial court found defendant was not eligible because the underlying trial court had not instructed the jury on the theory of natural and probable consequences, and defendant could only have been convicted of direct aiding and abetting the attempted murder.[5]

Defendant appeals.

---

[5] As to the murder charge, the trial court found the underlying trial court had not instructed the jury on felony murder or the natural and probable consequences doctrine. Further, in that severed case, the trial court did not instruct the jury on aiders and abettors.

DISCUSSION

Defendant argues the trial court erred in denying his petition and engaged in improper factfinding in determining whether defendant's petition for resentencing should go forward to an order to show cause hearing. We disagree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) added what is now section 1172.6. (Stats. 2018, ch. 1015, § 4; Stats. 2022, ch. 58, § 10.) Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775) later expanded persons entitled to relief under section 1172.6. (Stats. 2021, ch. 551, § 1, subd. (a).) As relevant here, section 1172.6, subdivision (a) now provides that a person convicted of attempted murder under the natural and probable consequences doctrine may file a petition for resentencing and be resentenced if all of the following conditions apply: (1) a complaint or information was filed against the defendant that allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine; (2) the defendant was convicted of attempted murder following a trial; and "(3) [t]he [defendant] could not presently be convicted of . . . attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."

"[T]he prima facie inquiry under [section 1172.6,] subdivision (c) is limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The trial court " ' "takes [the defendant]'s factual allegations as true and makes a preliminary assessment regarding whether the [defendant] would be entitled to relief if his or her [or their] factual allegations were proved." ' " (*Ibid*.) Although the court may rely on the record of conviction in determining whether the defendant has made a prima facie showing, it "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

"We independently review a trial court's determination on whether a [defendant] has made a prima facie showing." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

"Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing." (*People v. Lee* (2003) 31 Cal.4th 613, 623; see *People v. Smith* (2005) 37 Cal.4th 733, 739.) For purposes of the offense, "[i]ntent to unlawfully kill and express malice are, in essence, 'one and the same.'" (*Smith*, at p. 739.) To be guilty of attempted murder, a defendant must harbor express malice toward the particular victim (*ibid*.), unless that malice is imputed to the defendant under some other theory such as the now invalid natural and probable consequences doctrine. Under that doctrine, an aider and abettor may be culpable for a nontarget, or unintended, offense committed while committing a target offense. (*People v. Favor* (2012) 54 Cal.4th 868, 874.) The natural and probable consequences doctrine thus "imposes vicarious liability for any offense committed by the direct perpetrator that is a natural and probable consequence of the target offense." (*People v. Canizalez* (2011) 197 Cal.App.4th 832, 852.)

Defendant argues the expansion of Senate Bill 775 "clarified that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural and probable consequences doctrine are also permitted the same relief as those persons convicted of murder under the same theories." The language of the statute, however, is not as broad as suggested by defendant. By its plain language, section 1172.6 provides that a person convicted of attempted murder may be eligible for relief only where he or she or they could be or was convicted "under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); see *People v. Coley* (2022) 77 Cal.App.5th 539, 548.) As demonstrated by the jury instructions here, the jury was not instructed on the natural and probable consequences doctrine, but instead was required to find defendant personally harbored the intent to kill to find him guilty of attempted murder or was a direct aider and abettor with the requisite intent. (See CALCRIM Nos. 600, 401; *Coley*, at p. 548; *People v. Lee*, *supra*, 31 Cal.4th at pp. 623-624.) Thus, defendant is not eligible for resentencing under section 1172.6 as a matter of law.

6

## DISPOSITION

The order denying the petition for resentencing is affirmed.

/s/_____
ROBIE, Acting P. J.

We concur:

/s/_____
RENNER, J.

/s/_____
MESIWALA, J.